**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**William B. RUBIN, President, The Sweets Company of America, Inc. and The Sweets Company of America, Inc., a corporation, Respondents.**

United States District Court
S. D. New York.
Sept. 27, 1956.

---

172

Paul W. Williams, U. S. Atty., for Southern Dist. of N. Y., New York City, Thomas B. Gilchrist, Chief Asst. U. S. Atty., New York City, Andrew C. Goodhope, Washington, D. C., Attorney for Federal Trade Commission, of counsel, for petitioner.

Becker, Ross & Stone, New York City, Albert A. DeStefano, Jerome Thomases, Jesse Margolin, New York City, of counsel, for respondents.

DIMOCK, District Judge.

This is an application made by the Federal Trade Commission for the en-

forcement of a subpoena issued by that Commission in a proceeding instituted by it for the enforcement of the provisions of section 2(d) of the Clayton Act, 15 U.S.C. § 13, 49 Stat. 1526. It is said to be made pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49. The application is resisted on the ground that the Federal Trade Commission has no power to issue a subpoena in a proceeding before it for the enforcement of the Clayton Act.

The Clayton Act prescribes a single self-contained procedure for the enforcement of its provisions, whether by the Interstate Commerce Commission, the Federal Communications Commission, the Civil Aeronautics Board, the Federal Reserve Board or the Federal Trade Commission. Respondent asserts that the Clayton Act says not a word about the exercise of the subpoena power by any of them. Petitioner denies this but argues that if there is any deficiency it is supplied in the case of proceedings before the Federal Trade Commission by section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, which provides that "for the purposes of this Act the commission * * * shall at all reasonable times have access to * * * any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena * * * the production of all such documentary evidence relating to any matter under investigation."

The decision of these questions requires a study of the statutes involved. I will consider them as they stood at the time of their adoption since the later amendments have no bearing on the questions here presented.

The Federal Trade Commission Act was adopted on September 26, 1914, 38 Stat. 717, now 15 U.S.C. §§ 41–77. Section 5 of the Act, now 15 U.S.C. § 45, declared unlawful unfair methods of competition.

In the third paragraph of that section, which is quoted in the margin,[1] provision was made for the institution of proceedings by and before the Federal Trade Commission against persons charged with unfair methods of competition. Detailed provisions for the conduct of such proceedings were given, including a complaint, hearing, findings, report and order to cease and desist. Until a transcript had been filed in a Circuit Court of Appeals, the commission might "upon such notice * * * as it shall deem proper, modify or set aside" any report or order.

[1] "Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown may be allowed by the commission, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission. If upon such hearing the commission shall be of the opinion that the method of competition in question is prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter provided, the commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section."

The eighth paragraph of the same section 5, which is quoted in part in the margin,[2] prescribed the manner of service of "[c]omplaints, orders and other processes of the commission under this section" and the persons upon whom they might be served.

Section 9 of the Act, 15 U.S.C. § 49, in its first paragraph which is quoted below,[3] provided for the subpoena power, saying "for the purposes of this Act the commission, * * * shall at all reasonable times have access to * * * any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

Thus it was prescribed, by section 5, that the Federal Trade Commission could initiate and prosecute complaints and that "Complaints, orders, and other

processes of the commission under this section" should be served in a certain manner, and, by section 9, that the commission should have the subpoena power.

A few days later, on October 15, 1914, the Clayton Act, 38 Stat. 730, now 15 U.S.C. §§ 12–27, 44, 29 U.S.C. § 52, was adopted.

Sections 2, 3, 7 and 8, 15 U.S.C. 13, 14, 18 and 19, declared unlawful discrimination, transactions binding the purchaser not to use goods of a competitor, acquisition of stock to lessen competition and interlocking directorates. Section 11, now 15 U.S.C. § 21, vested authority to enforce compliance with sections 2, 3, 7 and 8 in the Interstate Commerce Commission, in the Federal Reserve Board and in the Federal Trade Commission, depending upon whether a common carrier, a bank or some other type of corporation was concerned.

Then came the second paragraph of section 11, quoted in the margin,[4]

2. "Complaints, orders, and other processes of the commission under this section may be served by anyone duly authorized by the commission, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or to the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the principal office or place of business of such person, partnership, or corporation; or (c) by registering and mailing a copy thereof addressed to such person, partnership, or corporation at his or its principal office or place of business."

3. "Sec. 9. That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence."

4. "Whenever the commission or board vested with jurisdiction thereof shall have reason to believe that any person is violating or has violated any of the provisions of sections two, three, seven and eight of this Act, it shall issue and serve upon such person a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission or board requiring such person to cease and desist from the violation of the law so charged in said complaint. Any person may make application, and upon good cause shown may be allowed by the commission or board, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission or board. If upon such hearing the commission or board, as the case may be, shall be of the opinion that any of the provisions of said sections have been or are being violated, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person an order requiring such per-

which, in almost exactly the same language as used in the part of the earlier Federal Trade Commission Act quoted in footnote 1, supra, made provision for the institution of proceedings by and before the appropriate board or commission against persons charged with violation of sections 2, 3, 7 or 8 of the Clayton Act. Just as in the Federal Trade Commission Act, detailed provisions for the conduct of such proceedings were given, including a complaint, hearing, findings, report and order to cease and desist, and again it was provided that, until a transcript had been filed in a Circuit Court of Appeals, the board or commission might "upon such notice * * * as it shall deem proper, modify or set aside" any report or order.

The seventh paragraph of this section 11 of the Clayton Act, which is quoted in part in the margin,[5] in practically identical language with that used in the earlier Federal Trade Commission Act quoted in footnote 2, supra, prescribed the manner of service of "[c]omplaints, orders, and other processes of the commission or board under this section" and the persons upon whom they might be served.

In spite, however, of the substantial identity of the Clayton Act with the Federal Trade Commission Act insofar as concerned procedure and service of complaints, orders and processes, the Clayton Act omitted the provision contained in section 9 of the Federal Trade Commission Act granting the power to issue subpoenas.

Petitioner says that, despite this omission, the Federal Trade Commission has the subpoena power in proceedings for the enforcement of the Clayton Act. This contention might be supported by demonstration either that the Clayton Act conferred the subpoena power on the commissions and board which were authorized to enforce it, or that the Federal Trade Commission could use its special subpoena power in enforcement of the Clayton Act.

■ First, I shall take up the proposition that all three of the enforcing bodies have the subpoena power by virtue of the Clayton Act. The only argument for that that I can conceive of is that the word "processes", used in the section on service, implies a grant of the subpoena power in Clayton Act proceedings.

It will be noted that both section 5 of the Federal Trade Commission Act and section 11 of the Clayton Act refer to the service of "[c]omplaints, orders, and other processes * * * under this section". In each statute "this section" refers to a section prescribing the procedure for the institution and prosecution of complaints. Neither section refers to the subpoena power and, indeed, the subpoena power is not conferred or referred to at all by the Federal Trade Commission Act until the later section 9. In each statute "this section" dealt with a notice in addition to a complaint and order. The provision for service might well have described the papers as "complaints, orders or notices * * * under this section" but the more generic

---

son to cease and desist from such violations, and divest itself of the stock held or rid itself of the directors chosen contrary to the provisions of sections seven and eight of this Act, if any there be, in the manner and within the time fixed by said order. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter provided, the commission or board may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section."

5. "Complaints, orders, and other processes of the commission or board under this section may be served by anyone duly authorized by the commission or board, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or to the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the principal office or place of business of such person; or (c) by registering and mailing a copy thereof addressed to such person at his principal office or place of business."

term "processes" was used out of an abundance of caution. Since the section had nothing to do with subpoenas and the word "processes" serves a function without treating it as referring to subpoenas, I cannot bring myself to say that they are included in the expression "processes * * * under this section". I hold, therefore, that the Clayton Act did not confer the subpoena power on the commissions and board which it authorized to enforce the Act.

■ I reach this conclusion with great reluctance. I cannot help feeling that the omission of the subpoena power section from the Clayton Act was a mere inadvertence and, were I able to find any internal evidence to support that feeling, I would treat that evidence as an implication of the power. A decent respect for the separation of the spheres of the judiciary and the legislative prohibits me, however, from presuming that something that I would have included in a statute was inadvertently omitted by Congress and then supplying the omitted matter.

I now pass to what I understand to be the contention of petitioner, that the subpoena power conferred upon the Federal Trade Commission by the Federal Trade Commission Act may be used by it in the enforcement of the Clayton Act.

I do not approach it with the same predisposition in its favor that characterized my consideration of the first point. For the purposes of this point I assume that I was correct in deciding that none of the enforcing bodies were given any subpoena power under the Clayton Act. It is hard to conceive of a congressional policy which would withhold the subpoena power from the Federal Reserve Board where the Act was being enforced against banks but bestow it upon the Federal Trade Commission where the Act was being enforced against other non-carrier corporations. Yet that would be the result of holding that the

subpoena power in Clayton Act cases was conferred on the Federal Trade Commission by the Federal Trade Commission Act. No statute has ever conferred the subpoena power on the Federal Reserve Board. Thus the Federal Trade Commission could use subpoenas in Clayton Act cases but the Federal Reserve Board could not.

■ In arguing that the Federal Trade Commission's subpoena power granted by the Federal Trade Commission Act may be used by it in the enforcement of the Clayton Act, petitioner uses as a makeweight the word "processes" which I have just discussed. It is claimed that this word includes "subpoenas" and thus indicates that Congress contemplated that the commissions and board which would enforce the Clayton Act would use in doing so such subpoena power as was granted them by other acts. As just indicated, I cannot bring myself to believe that the word "processes" as used in the Clayton Act includes subpoenas so I cannot allow it influence, even as a makeweight, in supporting petitioner's contention that the Federal Trade Commission Act empowers the Federal Trade Commission to use subpoenas in the enforcement of the Clayton Act.

■■ Petitioner's proposition is that the words "for the purposes of this Act" in the opening line of section 9 of the Federal Trade Commission Act which reads "for the purposes of this Act the commission * * * shall * * * have access to * * * documentary evidence" should be construed to mean "for the purposes which this act is intended to accomplish". It is said that it has been held that everything made illegal by the Clayton Act was illegal under the Federal Trade Commission Act [6] so that any proceeding to enforce the Clayton Act must be for the same purpose as the Federal Trade Commission Act and there-

---

6. Citing F. T. C. v. Motion Picture Ad. Co., 344 U.S. 392, 73 S.Ct. 361, 97 L.Ed. 426, and Times-Picayune v. United States, 345 U.S. 594, 609, 73 S.Ct. 872, 97 L. Ed. 1277.

fore the Federal Trade Commission has the subpoena power therein.

The words "for the purposes of this Act" did not mean "for the purposes which this act is intended to accomplish" as petitioner urges. They meant "for the purposes of the enforcement of this act". Only by indulging in a fiction could it be said that Congress in using those words in the Federal Trade Commission Act intended that the subpoena power could be used by the Federal Trade Commission under later acts if the purposes of the later acts were sufficiently similar to the purposes of the Federal Trade Commission Act. Only by indulging in a fiction could it be said that Congress, in phrasing the Clayton Act, omitted an expression of the subpoena power for the Federal Trade Commission because of reliance on a belief that the similarity of the purposes of the two acts empowered the Federal Trade Commission to use subpoenas in enforcement of the Clayton Act. There is no such emergency created by the omission of the subpoena power from the Clayton Act as to require courts to indulge in fictions that would result in bestowing the subpoena power upon the Federal Trade Commission in enforcing the Clayton Act against one group of corporations and withholding it from the Federal Reserve Board in enforcing it against another group. The use of the subpoena power conferred upon the Federal Trade Commission by the Federal Trade Commission Act is limited to proceedings brought to enforce that act. It may not be used in proceedings brought to enforce the Clayton Act.

Petitioner makes a plea based on administrative interpretation. It is said that the Federal Trade Commission has issued in Clayton Act cases hundreds and perhaps thousands of subpoenas. That, without more, is insufficient to supply the omission of a grant of the subpoena power in statutory law. See United States v. Morton Salt Co., 338 U.S. 632, 647, 70 S.Ct. 357, 94 L.Ed. 401.

I regret that I am unable to agree with two cases in which the power of the Federal Trade Commission to issue subpoe-nas in Clayton Act cases has been upheld, F. T. C. v. Reed, D.C.N.D.Ill.E.D., Docket 56 C. 843, June 12, 1956, and F. T. C. v. Menzies, D.C.D.Md., 145 F.Supp. 164.

The application is denied.