**FEDERAL TRADE COMMISSION,**
Petitioner-Appellee,

v.

**William T. REED, President, Reed Candy Company, Respondent-Appellant.**

No. 11839.

United States Court of Appeals
Seventh Circuit.

April 11, 1957.

Rehearing Denied May 20, 1957.

David A. Canel, Chicago, Ill., Leonard A. Canel, Jay A. Canel, Chicago, Ill., of counsel, for appellant.

Robert B. Dawkins, Asst. Gen. Counsel, Federal Trade Commission, Earl W. Kintner, Gen. Counsel, John T. Loughlin, Washington, D. C., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal questions the power of the Federal Trade Commission to issue subpoenas duces tecum in proceedings before the Commission on a complaint charging violation of the Clayton Act, as amended.

On November 21, 1955, the Federal Trade Commission ("F.T.C.") issued a complaint charging the Reed Candy Company with violation of Section 2(d) of the Clayton Act, as amended, 49 Stat. 1526, 15 U.S.C.A. § 13(d). The proceeding was duly assigned to an examiner of the F.T.C. for hearing and initial decision. The examiner, on February 20, 1956, caused a subpoena duces tecum to be served on William T. Reed, as President of the Reed Candy Company, directing him to appear and testify before the F.T.C. and to produce certain documentary evidence described in the subpoena. Reed's motion to quash the subpoena was denied by the examiner and on appeal to the F.T.C. the examiner's ruling was affirmed. On April 4, 1956, another subpoena was issued which was identical in all respects with the first except that the date for the hearing was set for April 11, 1956. Reed did not appear at the April 11 hearing, but his counsel was present and he explained that Reed's refusal to obey the subpoena was upon the advice of counsel that the F.T.C. lacked subpoena power in proceedings under the Clayton Act.

On May 7, 1956, the F.T.C. filed an application in the United States District Court for the Northern District of

Illinois, Eastern Division, for an order requiring Reed to comply with the subpoena. The District Court ordered Reed to appear and show cause why the application should not be granted. After answer to the application of the F.T.C. and a hearing on the matter the District Court, on June 12, 1956, entered an order directing compliance by Reed with the subpoena. From that order Reed has taken this appeal.

The arguments of the parties may be briefly summarized as follows: Reed contends that the Clayton Act, 38 Stat. 730, as amended, 15 U.S.C.A. §§ 12–27, prescribes a self-contained procedure for the enforcement of its provisions and does not contain a substantive grant of subpoena power. The F.T.C. contends that the subpoena and investigational powers granted it by the Federal Trade Commission Act, 38 Stat. 717, as amended, 15 U.S.C.A. §§ 41–46 and 47–58, may properly be used in the discharge of the F.T.C.'s duties under the Clayton Act, as amended. This question has recently been the subject of decision in the district courts. Federal Trade Commission v. Menzies, D.C.Md., 145 F.Supp. 164 (holding for the F.T.C.); and Federal Trade Commission v. Rubin, S.D.N.Y., 145 F.Supp. 171 (holding against the F.T.C.).

■■ During the pendency of this appeal the Menzies decision has been reviewed and affirmed by the Court of Appeals for the Fourth Circuit, per Judge John J. Parker, Menzies v. Federal Trade Commission, 242 F.2d 81. We agree with the Fourth Circuit that the history, purpose and decisional law concerning the Clayton and Federal Trade Commission Acts demonstrates that they are in pari materia—to be read and construed as one in such manner as to best effectuate the purpose of Congress in enacting them. We hold that the F.T.C. may properly use

the subpoena power granted it by Section 9 of the Federal Trade Commission Act, 38 Stat. 722, 15 U.S.C.A. § 49, in proceedings before the F.T.C. on a complaint charging violation of the Clayton Act, as amended.[1] Even if the question were more doubtful than we think, we should be hesitant to reject the conclusion of the F.T.C. fortified as it is by years of administrative practice, consistent and generally unchallenged.

The order of the District Court is Affirmed.

---

[1]. On April 2, 1957, the Court of Appeals for the Second Circuit sustained the power of the F.T.C. to subpoena documents pursuant to Section 9 of the Federal Trade Commission Act in a proceed-

ing before the F.T.C. on a complaint charging violation of Section 7 of the Clayton Act. Federal Trade Commission v. Tuttle, 2 Cir., 244 F.2d 605.